FILED
ENTERED
RECEIVED
SERVED ON
COUNSEL/PARTIES OF RECORD

OCT 8, 2020

CLERK US DISTRICT COURT
DISTRICT OF NEVADA
BY:                                    DEPUTY

NICHOLAS A. TRUTANICH
United States Attorney
District of Nevada
Nevada Bar Number 13644
BRETT C. RUFF
Assistant United States Attorney
501 Las Vegas Blvd. South, Suite 1100
Las Vegas, Nevada 89101
Phone: (702) 388-6336
Email: Brett.Ruff@usdoj.gov
*Attorneys for the United States of America*

# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEVADA

UNITED STATES OF AMERICA,

　　　　　Plaintiff,

　　　　　v.

DEMETRIUS WARE,

　　　　　Defendant.

No. 2:20-cr-00029-RFB-BNW

**Plea Agreement for Defendant Demetrius Ware Pursuant to Fed. R. Crim. P. 11(c)(1)(A) and (B)**

　　　　This plea agreement between Demetrius Ware ("defendant") and the United States Attorney's Office for the District of Nevada (the "USAO") sets forth the parties' agreement regarding the criminal charges referenced herein and the applicable sentences, fines, and forfeiture in the above-captioned case. This agreement binds only defendant and the USAO and does not bind the district court, the U.S. Probation Office, or any other federal, state, local, or foreign prosecuting, enforcement, administrative, or regulatory authorities. This agreement does not prohibit the USAO or any agency or third party from seeking any other civil or administrative remedies, including civil forfeiture *in rem,* directly or indirectly against defendant or defendant's property.

　　　　This agreement becomes effective upon signature by defendant, defendant's counsel, and an Assistant United States Attorney.

# I. DEFENDANT'S OBLIGATIONS

1.      Defendant agrees to:

      a.      At the earliest opportunity requested by the USAO and provided by the district court, appear and plead guilty to Counts One and Two of the indictment in this case, which charge defendant with Prohibited Person in Possession of a Firearm in violation of 18 U.S.C. §§ 922(g)(1), 922(g)(9), and 924(a)(2) (Count One) and Possession of a Firearm in a School Zone in violation of 18 U.S.C. §§ 922(q)(2)(A) and 924(a)(4) (Count Two);

      b.      Stipulate to the facts agreed to in this agreement;

      c.      Abide by all agreements regarding sentencing contained in this agreement;

      d.      Not seek to withdraw defendant's guilty pleas once they are entered;

      e.      Appear for all court appearances, surrender as ordered for service of sentence, obey all conditions of any bond, and obey any other ongoing court order in this matter;

      f.      Not commit any federal, state, or local crime;

      g.      Be truthful at all times with the U.S. Probation and Pretrial Services Offices and the Court;

      h.      Before and after sentencing, upon request by the Court, the USAO, or the Probation Office, provide accurate and complete financial information, submit sworn statements, and/or give depositions under oath concerning defendant's assets and defendant's ability to pay. As part of the required disclosure, defendant agrees to provide any and all financial information and authorizations requested by the Probation Office for preparation of the Presentence Report. Defendant further agrees that, upon filing of this agreement, the USAO is authorized to obtain defendant's credit report. Defendant will also complete a financial form provided by the USAO, to include all supporting documentation, and return it to the USAO within three (3) weeks from entry of the plea. Defendant agrees that the district court may enter

any order necessary to effectuate or facilitate disclosure of defendant's financial information.

i.    To facilitate payment of any fine, forfeiture, restitution, or assessment, surrender assets defendant obtained directly or indirectly as a result of defendant's crimes. Defendant agrees to voluntarily release funds and property under defendant's control or in which defendant has any property interest, before and after sentencing, to pay any fine or restitution identified in this agreement, agreed to by the parties, or ordered by the Court. Defendant agrees that restitution shall be ordered due and payable in full immediately after the judgment is entered, and that the full amount of any restitution ordered is subject to immediate enforcement and collection by the USAO or defendant's victims, or both. Defendant agrees that any schedule of payments entered by the district court is a schedule of the minimum payment due and does not prohibit or limit the methods by which the USAO may immediately enforce and collect the judgment in full. Defendant acknowledges that restitution may not be discharged, in whole or in part, in any present or future bankruptcy proceeding; and

j.    The forfeiture of the property and the imposition of the forfeiture of the property as set forth in this Plea Agreement and the Forfeiture Allegation of the Criminal Indictment.

## II. THE USAO'S OBLIGATIONS

2.    The USAO agrees to:

a.    Stipulate to facts agreed to in this agreement;

b.    Abide by all agreements regarding sentencing contained in this agreement;

c.    At sentencing, provided that defendant demonstrates an acceptance of responsibility for the offenses up to and including the time of sentencing, recommend a two-level reduction in the applicable sentencing guidelines offense level, pursuant to USSG § 3E1.1; and

d.      Not bring any additional charges against defendant arising out of the investigation in the District of Nevada which culminated in this agreement and based on conduct known to the USAO. However, the USAO reserves the right to prosecute defendant for (a) any crime of violence as defined by 18 U.S.C. § 16; and (b) any criminal tax violations (including conspiracy to commit such violations chargeable under 18 U.S.C. § 371). Defendant agrees that the district court at sentencing may consider any uncharged conduct in determining the applicable sentencing guidelines range, the propriety and extent of any departure from that range, and the sentence to be imposed after consideration of the sentencing guidelines and all other relevant factors under 18 U.S.C. § 3553(a).

### III. ELEMENTS OF THE OFFENSES

Count One: The elements of Prohibited Person in Possession of a Firearm under 18 U.S.C. §§ 922(g)(1), 922(g)(9), and 924(a)(2) are as follows:

First:      The defendant knowingly possessed a firearm;

Second:      At the time of the charged act, the defendant previously had been convicted in any court of a crime punishable by imprisonment for a term exceeding one year or a misdemeanor crime of domestic violence;

Third:      At the time of the charged act, the defendant knew that he previously had been convicted of such an offense; and

Fourth:      Such possession was in or affecting commerce or the firearm had been transported in interstate or foreign commerce.

Count Two: The elements of Possession of a Firearm in a School Zone under 18 U.S.C. §§ 922(q)(2)(A) and 924(a)(4) are as follows:

First:      The defendant knowingly possessed a firearm;

Second:    The possession occurred at a place the defendant knew or had

reasonable cause to believe was a school zone; and

Third:    The firearm had moved in or otherwise affected interstate commerce.

### IV. CONSEQUENCES OF CONVICTION

3.    Maximum Statutory Penalties:

a.    Defendant understands that the statutory maximum sentence the district court can impose for a violation of 18 U.S.C. §§ 922(g)(1), 922(g)(9), and 924(a)(2), as charged in Count One, is: ten years' imprisonment; a three-year term of supervised release; a fine of $250,000; and a mandatory special assessment of $100.

b.    Defendant understands that the statutory maximum sentence the district court can impose for a violation of 18 U.S.C. §§ 922(q)(2)(A) and 924(a)(4), as charged in Count Two, is: five years imprisonment; a one-year term of supervised release; a fine of not more than $100,000; and a mandatory special assessment of $100.

c.    Defendant understands that, pursuant to 18 U.S.C. § 924(a)(4), the sentence imposed for a violation of 18 U.S.C. § 922(q)(2)(A) cannot run concurrently with any other term of imprisonment imposed.

4.    Criminal Forfeiture: Defendant understands that the district court will impose forfeiture of the property.

5.    Parole Abolished: Defendant acknowledges that defendant's prison sentence cannot be shortened by early release on parole because parole has been abolished.

6.    Supervised Release: Defendant understands that supervised release is a period of time following imprisonment during which defendant will be subject to various restrictions and requirements. Defendant understands that if defendant violates one or more of the conditions of any supervised release imposed, defendant may be returned to prison for all or part of the term of

supervised release authorized by statute for the offenses that resulted in the term of supervised release, which could result in defendant serving a total term of imprisonment greater than the statutory maximum stated above.

7.    <u>Factors under 18 U.S.C. § 3553</u>: Defendant understands that the district court must consider the factors set forth in 18 U.S.C. § 3553(a) in determining defendant's sentence. However, the statutory maximum sentence limits the district court's discretion in determining defendant's sentence.

8.    <u>Potential Collateral Consequences of Conviction</u>: Defendant understands that, by pleading guilty, defendant may be giving up valuable government benefits and valuable civic rights, such as the right to vote, the right to possess a firearm, the right to hold office, and the right to serve on a jury. Defendant understands that once the district court accepts defendant's guilty pleas, it will be a federal felony for defendant to possess a firearm or ammunition. Defendant understands that the conviction in this case may also subject defendant to various other collateral consequences, including but not limited to revocation of probation, parole, or supervised release in another case and suspension or revocation of a professional license. Defendant understands that unanticipated collateral consequences will not serve as grounds to withdraw defendant's guilty pleas.

9.    <u>Potential Removal/Deportation Consequences of Conviction</u>: Defendant understands that, if defendant is not a United States citizen, the felony conviction in this case may subject defendant to removal, also known as deportation, which may, under some circumstances, be mandatory; denial of citizenship; and denial of admission to the United States in the future. The district court cannot advise defendant fully regarding the immigration consequences of the felony conviction in this case, but defendant's attorney has advised him

about the deportation risks of his guilty plea. Defendant understands that unexpected immigration consequences will not serve as grounds to withdraw defendant's guilty pleas.

## V. FACTUAL BASIS

10.    Defendant admits that defendant is, in fact, guilty of the offenses to which defendant is agreeing to plead guilty. Defendant acknowledges that if defendant elected to go to trial instead of pleading guilty, the USAO could prove defendant's guilt beyond a reasonable doubt and establish its right to forfeit the specified property by preponderance of the evidence. Defendant further acknowledges that defendant's admissions and declarations of fact set forth below satisfy every element of the charged offenses. Defendant waives any potential future claim that the facts defendant admitted below are insufficient to satisfy the elements of the charged offenses. Defendant admits and declares under penalty of perjury that the facts set forth below are true and correct:

On the morning of December 11, 2019, defendant entered Harmon Elementary School located at 5351 Hillsboro Lane, Las Vegas, Nevada. At the time defendant entered Harmon Elementary School, defendant knew and had reasonable cause to believe Harmon Elementary School was a school and was within a school zone. While inside a building at Harmon Elementary School, defendant knowingly possessed a firearm, specifically a Ruger EC9s semiautomatic 9mm handgun, bearing serial number 454-58800. The handgun was manufactured outside of Nevada, meaning it was shipped or transported from one state to another or between a foreign nation and the United States in order to reach Nevada.

On the afternoon of December 11, 2019, defendant returned to the grounds of Harmon Elementary School located at 5351 Hillsboro Lane, Las Vegas, Nevada. At the time defendant arrived at Harmon Elementary School, defendant knew and had reasonable cause to believe Harmon Elementary School was a school and was within a school zone. While on the grounds

of Harmon Elementary School, defendant knowingly possessed the Ruger EC9s semiautomatic 9mm handgun bearing serial number 454-58800.

As of December 11, 2019, defendant previously had been convicted of at least one crime punishable by imprisonment for a term exceeding one year: *Robbery*, in the Eighth Judicial District Court in Clark County, Nevada, on or about September 16, 2014, in case number C-14-295335-1. At the time he possessed the Ruger handgun on or about December 11, 2019, defendant knew he had been convicted of the above-listed crime and that it was a crime punishable by imprisonment for a term exceeding one year.

Furthermore, as of December 11, 2019, defendant previously had been convicted of a misdemeanor crime of domestic violence: *Simple Battery Against Spouse, Cohabitant, or Fellow Parent* in the Superior Court of California for the County of Los Angeles, on or about June 4, 2012, in case number 2GN01848. At the time he possessed the Ruger handgun on or about December 11, 2019, defendant knew he had been convicted of the above-listed crime and that it was a misdemeanor crime of domestic violence.

## VI. SENTENCING FACTORS

11.    <u>Discretionary Nature of Sentencing Guidelines</u>: Defendant understands that in determining defendant's sentence, the district court is required to calculate the applicable sentencing guidelines range and to consider that range, possible departures under the sentencing guidelines, and the other sentencing factors set forth in 18 U.S.C. § 3553(a). Defendant understands that the sentencing guidelines are advisory only, that defendant cannot have any expectation of receiving a sentence within the calculated sentencing guidelines range, and that after considering the sentencing guidelines and the other § 3553(a) factors, the district court will be free to exercise its discretion to impose any sentence it finds appropriate up to the maximum set by statute for the crimes of conviction.

12.    <u>Offense Level Calculations</u>: The parties jointly agree and stipulate that, in calculating Defendant's advisory guidelines sentencing range, the Court should use the following base offense level and adjustments;  acknowledge that these stipulations do not bind the district court; and agree that they will not seek to apply or advocate for the use of any other base offense level(s) or any other specific offense characteristics, enhancements, or reductions in calculating the advisory guidelines:

Base Offense Level (USSG § 2K1.1(a)(6)):                                    14

<u>Offense Characteristics:</u>                                    <u>Not Applicable</u>

Adjusted Offense Level:                                    14

13.    <u>Career Offender</u>: Defendant understands that defendant's offense level could be increased if defendant is a career offender under USSG §§ 4B1.1 and 4B1.2. If defendant's offense level is so altered, defendant and the USAO will not be bound by the agreement to Sentencing Guideline factors set forth above.

14.    <u>Reduction for Acceptance of Responsibility</u>: Under USSG § 3E1.1(a), the USAO will recommend that defendant receive a two-level downward adjustment for acceptance of responsibility unless defendant (a) fails to truthfully admit facts establishing a factual basis for the guilty pleas when defendant enters the pleas; (b) fails to truthfully admit facts establishing the amount of restitution owed when defendant enters the guilty pleas; (c) fails to truthfully admit facts establishing the forfeiture allegations when defendant enters the guilty pleas; (d) provides false or misleading information to the USAO, the Court, Pretrial Services, or the Probation Office; (e) denies involvement in the offenses or provides conflicting statements regarding defendant's involvement or falsely denies or frivolously contests conduct relevant to the offenses; (f) attempts to withdraw defendant's guilty pleas; (g) commits or attempts to commit any crime; (h) fails to appear in court; or (i) violates the conditions of pretrial release.

Under USSG § 3E1.1(b), if the district court determines that defendant's total offense level before operation of § 3E1.1(a) is 16 or higher, and if the USAO recommends a two-level downward adjustment pursuant to the preceding paragraph, the USAO will move for an additional one-level downward adjustment for acceptance of responsibility before sentencing because defendant communicated defendant's decision to plead guilty in a timely manner that enabled the USAO to avoid preparing for trial and to efficiently allocate its resources.

15.    <u>Criminal History Category</u>. Defendant acknowledges that the district court may base defendant's sentence in part on defendant's criminal record or criminal history. The district court will determine defendant's criminal history category under the sentencing guidelines.

16.    <u>Additional Sentencing Information</u>: The stipulated sentencing guidelines calculations are based on information now known to the parties. Defendant understands that both defendant and the USAO are free to (a) supplement the facts in this agreement by supplying relevant information to the U.S. Probation and Pretrial Services Offices and the district court regarding the nature, scope, and extent of defendant's criminal conduct and any aggravating or mitigating facts or circumstances; and (b) correct any and all factual misstatements relating to the district court's sentencing guidelines calculations and determination of sentence. While this paragraph permits both the USAO and defendant to submit full and complete factual information to the U.S. Probation and Pretrial Services Offices and the district court, even if that factual information may be viewed as inconsistent with the facts agreed to in this agreement, this paragraph does not affect defendant's and the USAO's obligations not to contest the facts agreed to in this agreement. Good faith efforts to provide truthful information or to correct factual misstatements shall not be grounds for defendant to withdraw defendant's guilty pleas.

Defendant acknowledges that the U.S. Probation Office may calculate the sentencing guidelines differently and may rely on additional information it obtains through its investigation.

Defendant also acknowledges that the district court may rely on this and other additional information as it calculates the sentencing guidelines range and makes other sentencing determinations, and the district court's reliance on such information shall not be grounds for defendant to withdraw defendant's guilty pleas.

## VII. POSITIONS REGARDING SENTENCING

17.     The USAO will recommend that the district court sentence defendant at the low end of the advisory guideline range as determined by the district court. Defendant may argue for a downward variance pursuant to 18 U.S.C. § 3553(a). The USAO and Defendant agree to recommend that, in imposing sentence, the Court follow 18 U.S.C. § 924(a)(4) and Application Note 3 to Section 2K2.5 of the United States Sentencing Commission Guidelines Manual, and apportion Defendant's sentence of imprisonment between Count One and Count Two.

18.     Defendant acknowledges that the district court does not have to follow the recommendation of either party.

19.     Notwithstanding its agreement to recommend a sentence as described above, the USAO reserves its right to defend any lawfully imposed sentence on appeal or in any post-conviction litigation.

20.     If defendant commits any act that results in the Court finding that defendant is not entitled to a downward adjustment for acceptance of responsibility, the USAO is entitled to argue for any sentence it deems appropriate under 18 U.S.C. § 3553(a).  In any such event, Defendant remains bound by the provisions of this agreement and shall not have the right to withdraw defendant's guilty pleas.

## VIII. WAIVER OF CONSTITUTIONAL RIGHTS

21.     Defendant understands that by pleading guilty, defendant gives up the following rights:

a.     The right to persist in a plea of not guilty;

b.     The right to a speedy and public trial by jury;

c.     The right to be represented by counsel—and if necessary have the court appoint counsel—at trial. Defendant understands, however, that, defendant retains the right to be represented by counsel—and if necessary have the court appoint counsel—at every other stage of the proceeding;

d.     The right to be presumed innocent and to have the burden of proof placed on the USAO to prove defendant guilty beyond a reasonable doubt;

e.     The right to confront and cross-examine witnesses against defendant;

f.     The right to testify and to present evidence in opposition to the charges, including the right to compel the attendance of witnesses to testify;

g.     The right not to be compelled to testify, and, if defendant chose not to testify or present evidence, to have that choice not be used against defendant; and

h.     The right to pursue any affirmative defenses, Fourth Amendment or Fifth Amendment claims, and any other pretrial motions that have been filed or could be filed.

## IX. WAIVER OF APPELLATE RIGHTS

22.     <u>Waiver of Appellate Rights</u>. Defendant knowingly and expressly waives: (a) the right to appeal any sentence imposed within or below the applicable Sentencing Guideline range as determined by the district court; (b) the right to appeal the manner in which the district court determined that sentence on the grounds set forth in 18 U.S.C. § 3742; and (c) the right to appeal any other aspect of the conviction, including but not limited to the constitutionality of the statutes of conviction; any other aspect of the sentence; and any order of restitution or forfeiture.

23.     Defendant reserves only the right to appeal any portion of the sentence that is an upward departure or variance from the applicable Sentencing Guideline range as determined by the district court.

24.     <u>Waiver of Post-Conviction Rights</u>. Defendant also knowingly and expressly waives all collateral challenges, including any claims under 28 U.S.C. § 2255, to defendant's conviction, sentence, and the procedure by which the district court adjudicated guilt and imposed sentence, except non-waivable claims of ineffective assistance of counsel.

25.     <u>Preservation of Evidence</u>: Defendant acknowledges that the USAO and the agencies investigating this case are not obligated or required to preserve any evidence obtained in the investigation of this case.

## X. FORFEITURE

26.     The defendant knowingly and voluntarily:

    a.     Agrees to the district court imposing the civil judicial forfeiture or the criminal forfeiture of:

        i.     a Ruger EC9s semiautomatic 9mm handgun, bearing serial number 454-58800; and

        ii.     any and all compatible ammunition

(all of which constitutes property);

    b.     Agrees to the abandonment, the civil administrative forfeiture, the civil judicial forfeiture, or the criminal forfeiture of the property;

    c.     Abandons or forfeits the property to the United States;

    d.     Relinquishes all possessory rights, ownership rights, and all rights, titles, and interests in the property;

1    e.    Waives defendant's right to any abandonment proceedings, any civil

2    administrative forfeiture proceedings, any civil judicial forfeiture proceedings, or any criminal

3    forfeiture proceedings of the property (proceedings);

4    f.    Waives service of process of any and all documents filed in this action or

5    any proceedings concerning the property arising from the facts and circumstances of this case;

6    g.    Waives any further notice to defendant, defendant's agents, or defendant's

7    attorney regarding the abandonment or the forfeiture and disposition of the property;

8    h.    Agrees not to file any claim, answer, petition, or other documents in any

9    proceedings concerning the property; agrees not to contest, or to assist any other person or entity

10    in contesting, the forfeiture; and agrees to withdraw immediately any claim, answer, petition, or

11    other documents in any proceedings;

12    i.    Waives the statute of limitations, the CAFRA requirements, Fed. R. Crim.

13    P. 7, 11, 32.2, and 43(a), including, but not limited to, forfeiture notice in the charging

14    document, the court advising defendant of the forfeiture at the change of plea, the court having a

15    forfeiture hearing, the court making factual findings regarding the forfeiture, the court failing to

16    announce the forfeiture at sentencing, and all constitutional requirements, including but not

17    limited to, the constitutional due process requirements of any proceedings concerning the

18    property;

19    j.    Waives defendant's right to a jury trial on the forfeiture of the property;

20    k.    Waives all constitutional, legal, and equitable defenses and claims to the

21    forfeiture or abandonment of the property in any proceedings, including, but not limited to, (1)

22    constitutional or statutory double jeopardy defenses and claims and (2) defenses and claims

23    under the Excessive Fines or Cruel and Unusual Punishments Clauses of the Eighth

24    Amendment to the United States Constitution;

1    l.    Agrees to the entry of an Order of Forfeiture of the property to the United

2    States;

3    m.    Waives the right to appeal any Order of Forfeiture;

4    n.    Agrees the property is forfeited to the United States;

5    o.    Agrees and understands the abandonment, the civil administrative

6    forfeiture, the civil judicial forfeiture, or the criminal forfeiture of the property shall not be

7    treated as satisfaction of any assessment, fine, restitution, cost of imprisonment, or any other

8    penalty the Court may impose upon defendant in addition to the abandonment or the forfeiture;

9    p.    Agrees and understands the USAO may amend the forfeiture order at any

10   time to add subsequently located property or substitute property pursuant to Fed. R. Crim. P.

11   32.2(b)(2)(C) and 32.2(e);

12   q.    Acknowledges that the amount of the forfeiture may differ from, and may

13   be significantly greater than or less than, the amount of restitution;

14   r.    Agrees to take all steps as requested by the USAO to pass clear title of the

15   property to the United States and to testify truthfully in any judicial forfeiture proceedings.

16   Defendant understands and agrees that the property represents proceeds and/or facilitating

17   property of illegal conduct and is forfeitable. Defendant shall provide the USAO with a full and

18   complete financial disclosure statement under penalty of perjury within 10 days of executing the

19   plea agreement. The financial statement shall disclose to the USAO all assets and financial

20   interests valued at more than $1,000. Defendant understands these assets and financial interests

21   include all assets and financial interests that defendant has an interest, direct or indirect, whether

22   held in defendant's name or in the name of another, in any property, real or personal. Defendant

23   shall also identify all assets valued at more than $1,000 which defendant has transferred to third

24

parties or diverted from defendant directly to third parties, since March 7, 2020, including the

location of the assets and the identity of any third party; and

s.      The defendant admits the property is any firearm or ammunition involved

in or used in any knowing violation of 18 U.S.C. § 922(g)(1) and 922(g)(9) or any willful

violation of 18 U.S.C. § 922(q)(2)(A), and is subject to forfeiture pursuant to 18 U.S.C.

§ 924(d)(1) with 28 U.S.C. § 2461(c).

## XI. RESULT OF WITHDRAWAL OF GUILTY PLEAS
## OR VACATUR/REVERSAL/SET-ASIDE OF CONVICTIONS

27.    Consequence of withdrawal of guilty pleas: Defendant agrees that if, after entering

guilty pleas pursuant to this agreement, defendant seeks to withdraw and succeeds in

withdrawing defendant's guilty pleas on any basis other than a claim and finding that entry into

this agreement was involuntary, then (a) the USAO will be relieved of all of its obligations under

this agreement and (b) should the USAO choose to pursue any charge or any allegation of a

prior conviction for a serious felony that was either dismissed or not filed as a result of this

agreement, then (i) any applicable statute of limitations will be tolled between the date of

defendant's signing of this agreement and the filing commencing any such action; and

(ii) defendant waives and gives up all defenses based on the statute of limitations, any claim of

pre-indictment delay, or any speedy trial claim with respect to any such action, except to the

extent that such defenses existed as of the date of defendant's signing this agreement.

28.    Consequence of vacatur, reversal, or set-aside: Defendant agrees that if any count

of conviction is vacated, reversed, or set aside, the USAO may: (a) ask the district court to

resentence defendant on any remaining counts of conviction, with both the USAO and

defendant being released from any stipulations regarding sentencing contained in this agreement;

(b) ask the district court to void the entire plea agreement and vacate defendant's guilty pleas on

any remaining counts of conviction, with both the USAO and defendant being released from all their obligations under this agreement; or (c) leave defendant's remaining conviction, sentence, and plea agreement intact. Defendant agrees that the choice among these three options rests in the exclusive discretion of the USAO, and that, should the USAO choose to pursue any charge that was either dismissed or not filed as a result of this agreement, then (i) any applicable statute of limitations will be tolled between the date of defendant's signing of this agreement and the filing commencing any such action; and (ii) defendant waives and gives up all defenses based on the statute of limitations, any claim of pre-indictment delay, or any speedy trial claim with respect to any such action, except to the extent that such defenses existed as of the date of defendant's signing this agreement.

## XII. BREACH OF AGREEMENT

29.     Defendant agrees that if, at any time after this agreement becomes effective, defendant knowingly violates or fails to perform any of defendant's obligations under this agreement ("a breach"), the USAO may declare this agreement breached. All of defendant's obligations are material, a single breach of this agreement is sufficient for the USAO to declare a breach, and defendant shall not be deemed to have cured a breach without the express agreement of the USAO in writing. If the USAO declares this agreement breached, and the district court finds such a breach to have occurred, then: (a) if defendant has previously entered guilty pleas pursuant to this agreement, defendant will remain bound by the provisions of this agreement and will not be able to withdraw the guilty pleas, and (b) the USAO will be relieved of all its obligations under this agreement.

30.     Following the Court's finding of a knowing breach of this agreement by defendant, should the USAO choose to pursue any charge or any allegation of a prior conviction for a serious felony that was either dismissed or not filed as a result of this agreement, then:

a.       Defendant agrees that any applicable statute of limitations is tolled between the date of defendant's signing of this agreement and the filing commencing any such action.

b.       Defendant waives and gives up all defenses based on the statute of limitations, any claim of pre-indictment delay, or any speedy trial claim with respect to any such action, except to the extent that such defenses existed as of the date of defendant's signing this agreement.

c.       Defendant agrees that: (i) any statements made by defendant, under oath, at the guilty plea hearing (if such a hearing occurred prior to the breach); (ii) the agreed to factual basis statement in this agreement; and (iii) any evidence derived from such statements, shall be admissible against defendant in any such action against defendant, and defendant waives and gives up any claim under the United States Constitution, any statute, Federal Rule of Evidence 410, Federal Rule of Criminal Procedure 11(f), or any other federal rule, that the statements or any evidence derived from the statements should be suppressed or are inadmissible.

### XIII. COURT AND UNITED STATES PROBATION AND PRETRIAL SERVICES OFFICE NOT PARTIES.

31.     Defendant understands that the Court and the U.S. Probation and Pretrial Services Office are not parties to this agreement and need not accept any of the USAO's sentencing recommendations or the parties' agreements to facts or sentencing factors.

32.     Defendant understands that both defendant and the USAO are free to argue on appeal and collateral review that the district court's sentencing guidelines calculations and the sentence it chooses to impose are not error.

33.     Defendant understands that even if the district court ignores any sentencing recommendation, finds facts or reaches conclusions different from those agreed to by the parties, or imposes any sentence up to the maximum established by statute, defendant cannot, for that

reason, withdraw defendant's guilty pleas, and defendant will remain bound to fulfill all defendant's obligations under this agreement. Defendant understands that no one—not the prosecutor, defendant's attorney, or the Court—can make a binding prediction or promise regarding the sentence defendant will receive, except that it will be within the statutory maximum.

## XIV. ADDITIONAL ACKNOWLEDGMENTS

34.    The Defendant acknowledges that:

a.    Defendant read this agreement, and defendant understands its terms and conditions.

b.    Defendant had adequate time to discuss this case, the evidence, and this agreement with defendant's attorney.

c.    Defendant carefully and thoroughly discussed all terms of this agreement with defendant's attorney.

d.    Defendant understands the terms of this agreement and voluntarily agrees to those terms.

e.    Defendant has discussed with defendant's attorney the following: the evidence; defendant's rights; possible pretrial motions that might be filed; possible defenses that might be asserted either prior to or at trial; the sentencing factors set forth in 18 U.S.C. 3553(a); the relevant sentencing guidelines provisions; and consequences of entering into this agreement.

f.    The representations contained in this agreement are true and correct, including the factual basis for defendant's offenses set forth in this agreement.

g.    Defendant was not under the influence of any alcohol, drug, or medicine that would impair defendant's ability to understand the agreement when defendant considered signing this agreement and when defendant signed it.

35.    Defendant understands that defendant alone decides whether to plead guilty or go to trial, and acknowledges that defendant has decided to enter defendant's guilty pleas knowing of the charges brought against defendant, defendant's possible defenses, and the benefits and possible detriments of proceeding to trial.

36.    Defendant understands that no promises, understandings, or agreements other than those set forth in this agreement have been made or implied by defendant, defendant's attorney, or the USAO, and no additional promises, agreements, or conditions shall have any force or effect unless set forth in writing and signed by all parties or confirmed on the record before the district court.

37.    Defendant acknowledges that defendant decided to plead guilty voluntarily and that no one threatened, coerced, or forced defendant to enter into this agreement.

38.    Defendant is satisfied with the representation of defendant's attorney, and defendant is pleading guilty because defendant is guilty of the charges and chooses to take advantage of the promises set forth in this agreement and for no other reason.

///
///
///
///
///
///
///
///
///
///

## XV. PLEA AGREEMENT PART OF THE GUILTY PLEA HEARING

39.    The parties agree that this agreement will be considered part of the record of defendant's guilty plea hearing as if the entire agreement had been read into the record of the proceeding.

AGREED AND ACCEPTED

UNITED STATES ATTORNEY'S OFFICE
FOR THE DISTRICT OF NEVADA

NICHOLAS A. TRUTANICH
United States Attorney

_Brett Ruff_ _____         _September 10, 2020_ _____
BRETT C. RUFF                              Date
Assistant United States Attorney


_/s/ Demetrius Ware_ _____         9/17/2020 _____
DEMETRIUS WARE                              Date
Defendant


_/s/ Brandon C. Jaroch_ _____       9/17/2020 _____
BRANDON JAROCH                               Date
Attorney for Defendant DEMETRIUS WARE