NICHOLAS A. TRUTANICH
United States Attorney
Nevada Bar Number 13644
BRETT C. RUFF
Assistant United States Attorney
501 Las Vegas Boulevard South, Suite 1100
Las Vegas, Nevada 89101
Tel: 702.388.6336 / Fax: 702.388.6418
Brett.Ruff@usdoj.gov
*Attorneys for the United States of America*

# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>DEMETRIUS WARE,<br><br>　　　　Defendant. | Case No. 2:20-cr-00029-RFB-BNW<br><br>**GOVERNMENT'S RESPONSE TO DEFENDANT DEMETRIUS WARE'S SENTENCING MEMORANDUM [ECF NO. 53]** |

Certification: This document is timely.

　　　　The government respectfully submits this response to the sentencing memorandum filed by Defendant Demetrius Ware (ECF No. 53). In summary, the government reasserts its position, as set forth in the Plea Agreement, that Ware should be sentenced at the low end of the applicable Sentencing Guidelines Range as calculated by the Court. The government also agrees with the Probation Office's recommendation that the Court impose a "No Gang Affiliation" supervised release condition.

## I. Background

Ware pleaded guilty in this matter to one count of Prohibited Person in Possession of a Firearm in violation of 18 U.S.C. §§ 922(g)(1), 922(g)(9), and 924(a)(2) and one count of Possession of a Firearm in a School Zone in violation of 18 U.S.C. §§ 922(q)(2)(A) and 924(a)(4). As Ware acknowledges in the plea agreement, Ware entered Harmon Elementary School in Las Vegas, Nevada with a Ruger semiautomatic handgun on the morning of December 11, 2019. (ECF No. 48 at 7:13–7:20.) He then returned to the grounds of Harmon Elementary that afternoon with the same firearm. (*Id.* at 7:21–8:2.)

This is far from Ware's first encounter with the criminal justice system. Ware was convicted of his first felony—Carrying a Loaded Concealed Firearm on Person—at the age of 18, and he has been convicted of two more felonies—Robbery and Possession of a Controlled Substance—in the decade since then. (PSR ¶¶ 35–36, 38.) In addition, Ware has been convicted of several misdemeanors, including domestic battery and false statement to / obstruct a public officer. (PSR ¶¶ 33–34, 37, 39–42.)

Ware's criminal conduct did not abate after the indictment was returned in this case. While on pre-trial release in this matter, Ware committed, and was convicted of, false statement to / obstruct a public officer, and Ware was arrested and charged at the state level with Possession of Gun by Prohibited Person. (PSR ¶¶ 42, 48.)

## II. A Sentence at the Low End of the USSG Calculation Is Sufficient But Not Greater Than Necessary

A sentence of time served, as Ware requests, is not sufficient in this matter. Instead, Ware should be sentenced at the low end of the sentencing range contemplated by the USSG. Although Ware cites his commitment to bettering himself as a reason that he should receive a sentence far below the Guidelines range (ECF No. 53 at 8–9), his criminal

actions over the past decade speak more loudly than his words. Ware has been convicted of three felonies, including another firearms offense, and numerous misdemeanors, and he even was arrested and charged twice while on pre-trial release in this matter. That record and Ware's continued willingness to engage in criminal activity while this case was pending do not speak of a person who is committed to bettering himself.

Given Ware's criminal history, the fact that this is his second felony firearms offense and his fourth felony offense in general, and that Ware continued to engage in illegal activity after his initial appearance in this case, the government submits that a custodial sentence at the low end of the Guidelines is sufficient, but not greater than necessary, to comply with the purposes of sentencing. Such a sentence would reflect the seriousness of the offense, promote respect for the law, and provide just punishment. 18 U.S.C. § 3553(a)(2)(A). It also would deter Ware from engaging in criminal conduct in the future and would protect the public from further criminal activity by Ware. 18 U.S.C. § 3553(a)(2)(B)–(C).

### III. A "No Gang Affiliation" Condition Is Appropriate and Will Help Reduce the Likelihood of Ware's Reverting to Criminal Behavior

The government supports the Probation Office's recommendation that the Court impose a "No Gang Affiliation" special condition of supervised release. (PSR at 24.) As the Probation Office notes, Ware is a member of the Park Village Crips, and he has been cited for Gang Loitering in the past. (PSR ¶¶ 35 & 62.) As Mr. Ware begins the path toward self-improvement that he acknowledges wanting for himself and his family, it would be beneficial for him to be barred from the negative influences that may have contributed to this case and his other encounters with the criminal justice system.

The Ninth Circuit has acknowledged that "[p]robation conditions may seek to prevent reversion into a former crime-inducing lifestyle by barring contact with old haunts and associates, even though the activities may be legal." *United States v. Bolinger*, 940 F.2d 478, 480 (9th Cir. 1991) (affirming condition barring defendant from participating in motorcycle clubs). The condition proposed by the Probation Office does just that: it seeks to prevent Ware from reversion to his former crime-inducing lifestyle. It therefore is an appropriate term of supervised release. *See United States v. Vega*, 545 F.3d 743, 749–50 (9th Cir. 2008) (affirming condition prohibiting defendant from association "with any member of any criminal street gang as directed by the Probation Officer, specifically, any member of the Harpys street gang.").

Despite admitting that Ware "desire[s] to not associate with known gang members or felons," Ware objects to this proposed special condition. (ECF No. 53 at 14:10–13.) The only basis Ware provides for his objection is that the special condition is "ambiguous," though he does not detail the perceived ambiguities. (PSR at 26.) To the extent Ware continues to have any concerns related to the purported ambiguity of that special condition, those concerns can be addressed at the sentencing hearing, and the condition can be tailored appropriately to address any perceived ambiguities.

///
///
///
///
///
///
///

### IV. Acceptance of Responsibility

The government agrees with Ware that he has accepted responsibility for the conduct at issue in this criminal matter. Consistent with the plea agreement, the government recommends that Ware receive a two-level downward adjustment for acceptance of responsibility under USSG § 3E1.1(a).

DATED: January 11, 2021

                                    NICHOLAS A. TRUTANICH
                                    United States Attorney

                                    By */s/ Brett C. Ruff*
                                    BRETT C. RUFF
                                    Assistant United States Attorney